OAT REED v. THE STATE.

No. 11855. Delivered June 28, 1928.
Rehearing denied October 17, 1928.

The opinion states the case.

*T. B. Ridgell* of Breckenridge for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property under the value of $50. Punishment is assessed at nine months in jail and a fine of $250.

In his brief appellant complains because the court denied him a continuance. It appears from the record when the court overruled the application he noted on the trial docket that appellant excepted to the action of the court, but no bill of exception is found in the record bringing the matter forward for review. It has been uniformly held that a bill of exception is necessary before this court would consider a supposed error in denying a continuance. Nelson v. State, 1 Tex. Cr. App. 44; Nothaf v. State, 97 Tex. Cr. R. 378, 239 S. W. 215. Other authorities are collated in Sec. 304, Branch's Ann. Tex. P. C.

Bills of exception one, two, three and four bring forward complaint because the court sustained the state's objection to certain questions asked by appellant on cross-examination of the state's witness Stone, the objection being that the questions sought to elicit hearsay statements of one Caudill who was also a state's witness. The declarations of Caudill sought to be put in evidence through the witness Stone were purely hearsay so far as the recitals in the bills show and objections thereto were properly sustained. If the purpose of the inquiry was to impeach Caudill as to some testimony given by him the bills fail to show it; neither do they show that any proper predicate therefor was laid.

Bill number five reflects that counsel for appellant was inquiring about the price of a "Navajo" blanket when the district attorney said in the presence of the jury that there was no evidence of what kind of a blanket it was but that he heard appellant tell his counsel it was a Navajo blanket. Objection was made to the district attorney's statement and the court instructed the jury not to consider it. Appellant accepted the bill with the following qualification; "There was no testimony on the part of any of the witnesses as to

what kind of a saddle blanket it was, but as counsel for the defendant propounded the question to the witness the defendant, who was sitting near his counsel, in an audible tone plainly heard by the Court on the bench and no doubt could have been heard by every member of the jury, who were closer to the defendant than the Court told his counsel it was a Navajo blanket, and counsel then included that in his question. The district attorney thereupon objected to the question. The Court at the request of the counsel for the defendant, instructed the jury as follows: 'Gentlemen of the jury: I will at this time instruct you not to consider the remarks of Mr. Welch, the district attorney, for any purpose whatever."

As thus explained no error appears.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The authorities in this State without exception hold that the mere recitation in the court's order overruling an application for a continuance, to the effect that defendant excepts, will not take the place of a bill of exceptions. More than one hundred cases are noted so holding in subdivision 6 of the notes to Art. 667, Vernon's Annotated C. C. P. 1925. It also seems too plain to need discussion that for two witnesses to be asked if Caudill, who was a State witness, had not said to them that another person than appellant took the alleged stolen property, would be calling for hearsay testimony.

The motion for rehearing is overruled.

*Overruled.*