STARRETT *v.* ANDREWS.

4-5015

Opinion delivered April 11, 1938.

*McRae & Tompkins,* for appellant.

*Bush & Bush,* for appellees.

BAKER, J. The complaint in the circuit court alleged that the county judge of Nevada county had made an order on the 5th day of October granting the prayer of a petition signed by more than one hundred citizens of that county to call an election as provided by act 138 of the General Assembly approved March 14, 1929, to determine whether said act 138 should be put in force in said county.

Said act provides for organization of County Road Commission, which should take charge of and maintain the roads in said counties as might by election adopt the provisions thereof. The act provided the election should be "For County Road Commission" and "Against County Road Commission." Sec § 19 of said act.

It is alleged that the election was duly advertised and held on October 18, 1937, the date on which there was a special election for the election of a United States Senator and for other officers in many of the counties of the state. It was also alleged there was a large majority of the legal votes cast for the proposition and that the returns of the election were duly certified by the election judges and clerks to the county election commissioners and that the commissioners arbitrarily, without right and in violation of plain duty refused to certify the results of the election to the quorum court as required by said act. The prayer was for a writ of mandamus requiring the commissioners to certify the vote according to law.

The election commissioners filed an answer setting up that the order of the county judge was not filed in sufficient time for them to give notice of the election, and that proper notice was not given. They alleged further that the great body of the electors of Nevada county were not, and could not have been apprised of the fact

that an election had been ordered by the county judge after the order was filed with them.

There was also an intervention filed by the road overseers of that county, in which they alleged the fact that there was no notice given by the sheriff as provided in §§ 4672 and 4673 of Pope's Digest, and that no notice was given by election commissioners as provided in § 4675 of Pope's Digest. That the ballot was not printed with "For County Road Commission" and "Against County Road Commission," thereon. That there was in effect no election and that such ballots as may have been written or stamped for or against the proposition were void. They also pleaded the fact that they had been elected to the office which they held, and the act, if put in force, would abolish the office of road overseer without notice.

The evidence upon which the case was submitted for trial is not elaborate. There was first a stipulation of counsel that the county court made, on October 5, the order for the election. A certified copy of said order for the election was duly offered in evidence. This order was delivered to the Nevada county election commissioners on the 8th day of October. The board of election commissioners held a meeting to make necessary arrangements for the special election on the 9th day of October, but did not arrange to have printed on the ballot "For County Road Commission" and "Against County Road Commission." It is also stipulated that the total vote cast for United States Senator in that county was 883, and the total number of votes cast on this matter was 97, only one of which was a negative vote.

In this stipulation there was set out the townships of the county. Of the 16 voting precincts ballots were cast in but six on this proposition. In the other ten there was not a vote.

It is also stipulated that the only notice of the election given by the sheriff was made by publication in the papers of the proclamation of the election and the mere delivery of the election supplies to the election officials for the various precincts. That no other notices than these were given. A copy of the proclamation by the

sheriff "was published in the Prescott Daily News on October 6th, 1937, and the Nevada County News, a weekly, on October 7, 1937, and in the Nevada County Picayune on October 7th, 1937, and that these two newspapers are the only two newspapers published in the county and in general circulation in the county."

In addition to this stipulation the deputy sheriff testified that he delivered the election supplies at the several voting precincts, but that he put up no notices in these precincts at any time. The sheriff testified no notices were put up, but he did publish a proclamation of the election, which proclamation provided for the election upon this question as follows: "also on the question of County Road Commission of Nevada County." The secretary of the election commission testified that the commission posted no notices at the court house door and did not put the question of "For or against County Road Commission" on the ballot. It was also testified by others that there was no submission of the question by putting the same upon the ballot. Some witnesses testified that they had no notice and there were some others who did not observe the proclamation regarding it in the papers. This was substantially all the testimony. The court denied the prayer of the petition for writ of mandamus and it is from that judgment of the court that this appeal comes.

We think the real question is whether there was an election in Nevada county on the proposition of the county road commission. It is argued, however, by appellant that since some of the electors voted for and against the proposition that it was the duty of the election commissioners to declare the result, and that they had no discretion whereby they might do otherwise, that if the election was void for any reason this fact could only be determined by a court of competent jurisdiction. With this proposition of law we really have no controversy. However, there are some matters so apparent that an election commission in the discharge of the plainest of duties need not be mistaken.

Let it be stated that ordinary duties of the election commissioners are ministerial. There is little, if any, discretion they may exercise in any matter properly coming before them in the discharge of their duties. That does not mean, however, that an elector may vote upon some question by marking his ballot to that effect and that he will then have a right to insist that his vote be counted or reported and the result thereof be proclaimed as having determined or settled the proposition upon which he alone voted. In a recent case, the very question submitted here was before us for consideration. We held in that case that the court considering the matter might determine whether an election was actually held and if so what issues were properly or legally presented for consideration of the electors. *Priest* v. *Mack,* 194 Ark. 788, 109 S. W. 2d 665.

But this question as now presented by appellant was merged in one more important; and controlling here as the real issue presented and tried in the circuit court. Was there an election held as provided for by § 19 of said act 138? This matter presented in a proper tribunal when determined settled other questions more nearly incidental. We think the vital question to be determined is whether an election upon this issue was held. Let it be remembered that the order of the county court was that this election should be had on October 18 at the special election called particularly to elect a United States Senator. It will not follow as a necessary conclusion that citizens who knew of this special election were required to take notice that some special issue such as this one would be presented. Had it been at the time of a general election, when questions and propositions properly to be presented to the people might be expected, then a test might not be how many or how few votes were received in regard to any such proposition, because of the fact that a small number voting for or against a proposition would most probably indicate only a lack of interest. On the other hand, if the election had been duly advertised as required by law, and not merely by notice published in a newspaper, then, in that event, notice

would be imputed to the electors and the number of votes cast upon any proposition however small would not be so vital as we are compelled to regard them in this instance.

In this case 96 votes were cast for the proposition, one against it. We have already stated above that the sheriff's proclamation was made in regard to this matter. Section 4672 of Pope's Digest provides that at least ten days before the holding of any special election the sheriff shall give notice by proclamation throughout the county of the time and places of holding such election, and the officers to be elected at such time. And the following §, 4673 of Pope's Digest, provides that "a copy of such proclamation shall be set up at each of the places fixed for holding such election and two or more of the most public places in each township, and publish the same in a newspaper, if one be published in the county." This was not done.

Section 4675 of Pope's Digest provides also that "the commissioners of each county shall make publication of all other questions required by law to be submitted to the electors by posting a list thereof at the door of the courthouse at least ten days before the day of election." This was not done. This matter was not submitted to the election commissioners until October 8, when a copy was delivered to the secretary and a meeting was held on the 9th, which was only nine days before the election, and then no effort was made to comply with this requirement of the law. There was not even the notice that might have been implied by properly putting the question upon the ballots.

This court held, however, in the Faulkner county salary act case that the failure of the election commissioners to place upon the ballot proper questions to be voted upon when they should have been placed thereon, would not make the election invalid and that an affirmative vote would adopt the question although it had been omitted from the ballot. *Beene* v. *Hutto,* 192 Ark. 848, 96 S. W. 2d 485.

Appellant insists that under the authority of a stock law case, Whitaker v. Mitchell, 179 Ark. 993, 18 S. W. 2d 1026, the question of notice is unimportant inasmuch as there was a proclamation by the sheriff. But that conclusion cannot be reached from the case cited because that election was held at the same time as the general election and there were practically as many votes upon this question as upon any other question or candidate voted for at that election, hence, in that case, the matter of advertising became unimportant for the reason that the election itself established the fact of notice to electors.

But the necessity of notice appears from conclusion reached by this court in the case of Wheat v. Smith, 50 Ark. 266, 7 S. W. 161, cited and discussed in Whitaker v. Mitchell, supra. This was a special election to fill a vacancy in the office of the circuit clerk. Chief Justice COCKRILL, speaking for the court said: "When a special election to fill a vacancy is ordered, there is no presumption that the voters know the date fixed by the writ of election, and they must be informed of it. But the established rule is that the particular form and manner pointed out by the statute for giving notice are not essential. Actual notice to the great body of voters is sufficient. The question in such cases is whether the want of statutory notice has resulted in depriving sufficient of the electors of the opportunity to exercise their franchise, to change the result of the election."

If the number of votes upon the matter in issue was such as to indicate that electors generally had notice of the matter involved we would hold the statutory notices relatively unimportant. This would be in accord with the announcements in Whitaker v. Mitchell, supra; Wheat v. Smith, supra, and Beene v. Hutto, supra. On the other hand had proper notices as required by law been given we would have been impelled to hold there had been an election. There is nothing in this case from which notice may reasonably be presumed.

The conclusion must be that since less than one-eighth of the electors voted upon this question it was not

known to be a matter submitted for decision by ballot because not properly advertised. The question, therefore, of whether there was an election in Nevada county upon this proposition was one of mixed fact and law properly to be determined by the trial court and the finding of fact is sustained by substantial evidence. We are persuaded the judgment was correct. Affirmed.