BRUCE *v.* NICHOLAS.

5-1216                                        294 S. W. 2d 772

Opinion delivered November 5, 1956.

*Frank Sloan* and *W. B. Howard,* for appellant.

*Ponder & Lingo,* for appellee.

ED. F. McFADDIN, Associate Justice. The appeal in this Court was filed on October 29, 1956, and both sides were heard on the same day when the appellants presented their petition for an order to stay the election, set for November 6, 1956, on the issue of county seat removal. On October 30th, the Clerk of this Court notified the litigants:

"The Court voted that the election in this case, set for November 6th, be stayed and that no election be held on that day on the question of county seat removal. No bond is required as a condition of such stay. This decision is effective immediately; but the Court will deliver a formal opinion in this case on November 5th."

The present is the opinion above mentioned. By Act No. 85 of 1887, the General Assembly of Arkansas divided Lawrence County into two judicial districts to be called the "Western District" and the "Eastern District." Trial courts in the Western District were to ". . . continue to be held at the county seat at Powhattan, as now provided by law"; and trial courts in the Eastern District were to be held ". . . in the town of Walnut Ridge, at a place to be provided hereinafter by the citizens of said District." On October 1, 1956, there was filed in the County Court of Lawrence County by appellees (proponents of Walnut Ridge), a petition purporting to be signed by more than one-third of the qualified voters of all of Lawrence County, and praying for an election to be held in said County on the question of moving the county seat of Lawrence County from Powhattan to Walnut Ridge. This was a proceeding for county seat removal under § 17-201 *et seq.* Ark. Stats., which is the general statute for county seat removal. On October 2, 1956, the County Court made an order calling the election as prayed in the petition and ordered the election to be held at the same time as the General Election on November 6, 1956.

As soon as the appellants (proponents of Powhattan) learned of the order calling the election, they employed counsel and on October 16, 1956, these appellants filed in the County Court their "Remonstrance and Petition to Set Aside Purported Order Calling For Election." Among other things, they claimed:

(1) That the Walnut Ridge petition for the election on the question of county seat removal was a proceeding under § 17-201 *et seq.* Ark. Stats.; that said law was not applicable to a county that already had two county seats, as they claimed Lawrence County had in the Eastern and Western Districts under Act No. 85

of 1887, as aforesaid; and that the only proceeding that could be had in Lawrence County would be under § 22-126 *et seq.* Ark. Stats., which relates to the method in which extra .judicial districts may be abolished in a county.

(2) That, even if the proceeding instituted by Walnut Ridge under § 17-201 *et seq.* Ark. Stats. was proper, nevertheless, the petition filed in the County Court was insufficient because it was not signed by the required one-third of the qualified voters of Lawrence County. The appellants listed in excess of six hundred alleged signers who, according to appellants, were not qualified voters; and on this point appellants substantiated their allegations by the affidavit of a person who had checked the list of signers against the applicable poll tax book.

Thus appellants raised a question of law and a question of fact.[1]  On October 16th the County Court denied the prayer of the remonstrants (proponents of Powhattan); but granted them an appeal to the Circuit Court of Lawrence County. The case was promptly filed in the Circuit Court on the next day; and a few days later appellants filed a petition in the Circuit Court for temporary restraining order to stay the election until the case could be heard on its merits.

The Circuit Judge of the Third Circuit, of which Lawrence County is a part, is the Honorable Andrew Ponder; and Judge Ponder was engaged in holding court in another county of the District, so appellants were unable to get a trial of the case or a hearing on their petition for temporary restraining order until they appeared before the Circuit Judge, Honorable Andrew Ponder, in chambers in Jackson County on October 25th, and sought to obtain from him an order staying the election until they could be heard on the merits. Judge Ponder refused the stay because of his understanding[2] of some of

---

[1] Appellants raised other questions which may be considered on trial. below, but which we do not list here.

[2] Judge Ponder used this language: "Assuming, without deciding, that remonstrants have made a *prima facie* showing, the court rules that the *Ellis* v. *Hall* decision of the Arkansas Supreme Court is controlling; and, therefore, a *prima facie* case, if made, is insufficient to justify the court in granting a stay of said election."

our language in one of the opinions in the case of *Ellis v. Hall,* 221 Ark. 25, 251 S. W. 2d 809. This refusal by Judge Ponder was on October 25, 1956; and on October 29, 1956, the appellants (proponents of Powhattan) filed their appeal in this Court and prayed a temporary stay of the election until the case could be heard; and on October 30th we made the order first copied herein.

It is a fundamental idea of justice, originating in the Anglo-Saxon Law and incorporated in the English Common Law, and existing in our legal system today, that a litigant is entitled to a day in court[3] and, upon exercising diligence, is entitled to a hearing of his case before judgment is rendered foreclosing his rights. In the case at bar, should the election take place and the vote favor removal, then the question of the sufficiency of the petition to call the election *might*[4] become moot, and appellants would be deprived of their day in court on the sufficiency of the petition; so the law envisages time for a day in court on the hearing of the sufficiency of the petition. The appellants did not have such an opportunity in the County Court because the petitions were filed one day and the order made the next day and their remonstrance was over-ruled on demurrer and without a hearing on the merits. The appellants have been diligent and yet, within the short time in this case, have been unable to obtain a trial on the merits. If they had been guilty of any delay, the situation might be different; but we find no lack of diligence by the appellants.

[3] That the idea of summons before trial originated in Anglo-Saxon Law is fully shown by Professor W. S. Holdsworth on page 103 of Volume 2 of his "History of English Law." That the idea of a day in court came to us from the Common Law and is ingrained in our legal system is expressed in the case of *Old Wayne Mutual Life Assn.* v. *McDonough,* 204 U. S. 8, 51 L. Ed. 345, 27 S. Ct. Rep. 236. For other cases discussing this fundamental idea, see "Day in Court" in "11 Words and Phrases," page 119.

[4] In *Beene* v. *Hutto,* 192 Ark. 848, 96 S. W. 2d 485, it was held that in all cases arising under the Initiative and Referendum Amendment, the holding of the election rendered moot all questions as to the sufficiency of the petitions. As to whether this same rule is applicable in elections not within the scope of the Initiative and Referendum Amendment, we do not now decide; but see *Horn* v. *White,* 225 Ark. 540, 284 S. W. 2d 122; and *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S. W. 2d 26.

This case can be heard in the Circuit Court on its merits in a very short time and then, if the questions of law and fact be decided in favor of Walnut Ridge, an election can be called at any time. This is not one of those cases where the election can only be every two years and at the same time as the General Election. We express no opinion on either the legal or factual questions here presented. What we are saying is that the appellants are entitled to have the case heard on its merits prior to the election; and, because of such views, we granted the stay of election.

Now we remand the cause to the Circuit Court, thoroughly confident that the Honorable Circuit Judge will hear the cause on its merits with prompt dispatch, so that all parties, with diligence, may have a day in court with right of appeal, and all within time to hold the election if the law and the facts show that such election should be held.