HERRINGTON v. HALL.

5-3277                              381 S. W. 2d 529

Opinion delivered May 18, 1964.

[Rehearing denied September 21, 1964.]

*Max Smith* and *Paul K. Roberts,* for appellant.

*George H. Holmes* and *George N. Holmes,* for appellee.

SAM ROBINSON, Associate Justice. In September, 1962, an initiated petition to adopt a countywide stock law, purported to have been signed by 465 qualified electors, was filed with the County Clerk of Cleveland County. Acting under authority of Ark. Stat. Ann. § 2-303 (Repl. 1956), the Clerk certified the petition as sufficient to the County Board of Election Commission-

ers. On October 1, 1962, appellants herein filed a complaint in the Cleveland Chancery Court attacking the sufficiency of the petition and asking that the defendants be enjoined from placing the measure on the ballot for the election to be held on November 6.

On October 3, 1962, the plaintiffs gave notice to the defendants that there would be a hearing on the petition, by the court, on October 8. On October 8 the defendants filed a motion to quash and dismiss the complaint. There was no hearing on October 8 on the original complaint or the motion to dismiss. The record is completely silent as to the reason the issues were not presented to the court. In fact, there is no showing that any attempt was made to have a hearing on the complaint or the motion.

The measure was placed on the ballot; the election was held on November 6; the vote was 939 in favor of the stock law and 775 against it.

On December 31, 1962, appellants herein, who are the same persons who filed the original suit on October 1, 1962, filed a second suit making the prosecuting attorney of the district, the sheriff, and the County Judge of Cleveland County parties defendant. The second suit alleges insufficiency of the petition for the election, and asks that the defendants be enjoined from enforcing the stock law adopted at the November election. The first suit was considered as being consolidated with the action filed on December 31. A full scale hearing was held. The chancellor held in favor of the petition; the plaintiffs—those attacking the petition for the election—have appealed.

First, appellants argue that the trial court erred in not holding a hearing on the original petition prior to the election on November 6. The record does not show that appellants requested the court to try the case, and there is no record of any objection to the failure of the. court to grant a trial. Furthermore, the failure of the court to decide the case prior to the election did not affect the validity of the election. Amendment No. 7 to the Constitution—the I & R Amendment—provides: "If the sufficiency of any petition is challenged such cause

shall be a preference cause and shall be tried at once, but the failure of the courts to decide prior to the election as to the sufficiency of any such petition shall not prevent the question from being placed upon the ballot at the election named in such petition, nor militate against the validity of such measure, if it shall have been approved by a vote of the people.''

In arguing that the petition for the election is invalid, appellants contend that five of the petitions circulated for signatures of electors are invalid because they have no verifying affidavits; that others have false and fraudulent affidavits attached; that some are signed by persons other than those whose signatures they purport to be; that the trial court erred in admitting evidence as to the true identity of some of the signers of the petition. All of these points have to do with the sufficiency of the petition for the election.

The sufficiency of the petition cannot be questioned after the election. This court said in *Beene* v. *Hutto,* 192 Ark. 848, 96 S. W. 2d 485: ''It, therefore, appears that after a question is submitted to and voted upon by the people, the sufficiency of the petition is of no importance. It is not important because, whether sufficient or insufficient, if the measure is adopted by the people at the election, it becomes the law . . .''

Appellants further maintain that the stock law measure adopted by the people of Cleveland County conflicts with Ark. Stat. Ann. § 41-430 (1947) which prohibits the running at large of certain livestock on the public highways. We can see no conflict between the measure under consideration and the aforesaid statute.

Affirmed.