Mrs. Mildred Homan, Member Baxter County Election Commission Rt. 3, Box 225AA Mountain Home, AR 72653
Dear Mrs. Homan:
This is in response to your request for an opinion on the following questions:
 1. Does either the Secretary of State or a County Board of Election Commissioners have authority under Arkansas statutes to not count a write-in candidate's votes on the basis of Ark. Code Ann. 7-6-102(e), or any other provision of Arkansas law, when the candidate has not refused to sign a Political Practices Pledge but rather the candidate has filed his Political Practices Pledge late because a state or county election official had informed the candidate that he had fulfilled all requirements to be an eligible candidate and the official had not mentioned the Political Practices Pledge?
 2. Whether it is in the discretion of the Secretary of State or a County Board of Election Commissioners to accept a late filing of a Political Practices Pledge when state or county election officials had mistakenly told a candidate that he (the candidate) had already fulfilled all requirements to be an eligible candidate?
 3. Whether the County Board of Election Commissioner's refusal to then count the vote for a write-in candidate violates either the First or Fourteenth Amendments of the United States Constitution, or the Arkansas State Constitution, when such refusal is based on the failure of the candidate to timely file a Political Practices Pledge after a state or county election official had informed the candidate that he had fulfilled all requirements to be an eligible candidate?
 4. Whether the Secretary of State has any authority to certify write-in candidates for the State Legislature or whether this decision is within the County Board of Election Commissioner's authority?
Your first three questions, restated, essentially involve the issue of whether a County Board of Election Commissioners should accept that late filing of a political practices pledge and county write-in votes where the late filing allegedly resulted from the candidate's reliance upon a State or county election official's statement that the person had fulfilled all requirements to be an eligible candidate.
Please note that I have enclosed a copy of Opinion Number 88-297, issued to the Secretary of State on October 19, 1988, herein the question of inclusion of a candidate's name on the ballot under these circumstances is addressed. It was concluded therein that a board of election commissioners generally acts in a ministerial capacity, and that consideration of this type of allegation involves a factual review within the province of the judiciary.
The case of Starrett v. Andrews, 195 Ark. 1078, 115 S.W.2d 549
(1938), cited in Opinion No. 88-297, suggests that an election commission may properly find substantial compliance in some instances, notwithstanding a late filing. See also Taaffe v. Sanderson, 173 Ark. 970, 294 S.W. 74 (1927); Spence v. Whitaker,178 Ark. 51, 9 S.W.2d 739 (1928).
However, as a general matter, a timely filing must occur. The issues raised in your first three questions must ultimately be decided by a court, based upon the facts of each case. We cannot conclusively state, based upon the facts presented, that the United States Constitution or the Arkansas Constitution has been violated; nor do we believe that a determination in this regard is properly within the scope of the power and duties of a county board of election commissioners.
It is therefore my opinion that the County Board of Election Commissioners generally has the authority, if not the duty, to not count write-in votes where a timely pledge has not been filed, notwithstanding allegations in the nature of those set forth in your correspondence. The late filing of a political practices pledge will, in my opinion, ordinarily preclude one's candidacy for that position. See Opinion No. 88-041, attached hereto. I believe that a county board of election commissioners' discretionary powers do not generally extend to the type of factual review that would be required were the board to consider arguments premised upon an election official's misstatement of filing requirements. A late pledge should, as a general matter, not be accepted.
In response to your final question, it must be noted that as a practical matter responsibility for counting write-in votes, and for determining whether such votes should be counted in accordance with A.C.A. 7-5-205, rests with the county board of election commissioners. See, Byrd v. Short, 228 Ark. 369, 307 S.W.2d 871
(1958). The board of election commissioners must insure that no provision is made for write-in votes where no one has qualified as a write-in candidate. A.C.A. 7-5-208(h)(3), 7-5-610. If an individual has not qualified as a write-in candidate due to a failure to notify the election commission of his or her intentions in this regard, then no votes for that candidate shall be counted. A.C.A. 7-5-205 (Supp. 1987).
It may therefore reasonably be concluded that while the board of election commissioners' duties do not extend to "certifying" write-in candidates for the state legislature, within the usual meaning of that term, its duties with respect to preparing ballots and declaring election results will necessarily encompass this authority.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.