## PERTUIS *v.* WILLIAMS.

### Opinion delivered February 3, 1919.

1. SCHOOLS AND SCHOOL DISTRICTS — APPOINTMENT OF DIRECTORS.— Under art. 14, § 4, of the Constitution, providing that the supervision of public schools and the execution of the laws regulating the same shall be vested in and confided to such officers as may be provided for by the General Assembly, school directors may be elected by the electors of the district or the Legislature may appoint them directly or appoint some agency to appoint them.

2. SAME—APPOINTMENT OF DIRECTOR BY COUNTY JUDGE—EFFECT.—A county judge, in appointing a school director under Acts 1909, p. 1046, § 2, did not act in judicial, but only in administrative capacity, so that his order is open to collateral attack.

3. SAME—VALIDITY OF APPOINTMENT OF DIRECTOR.—Evidence *held* to show that the county judge, before appointing a school director pursuant to Acts 1909, p. 1046, did not post the required notice of intention to appoint him, and therefore the appointment was invalid.

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; reversed.

#### STATEMENT OF FACTS.

This is an action for usurpation of office brought by H. L. Pertuis against C. C. Willams under section 7983 of Kirby's Digest. The material facts are as follows:

H. L. Pertuis was a school director of Common School District Number 35 in Lincoln County, Arkansas. No successor was elected to succeed him at the annual school election held in May, 1918, but the county judge pursuant to Act 361 of the Acts of 1909, appointed C. C. Williams to succeed H. L. Pertuis as such school director. As evidence of this fact the county judge caused to be entered upon the records of the county court the following: "In the Matter of the Appointment of School Directors under Acts 361 of 1909, and 70 of 1913.

"Now on this the 20th day of May, 1918, comes on for consideration and appointment of various school directors under Act No. 361 of the Acts of the General Assembly of the State of Arkansas A. D. 1909, and Act 70 of A. D. 1913, and the court being well advised as to law

and the facts in the case and having examined various petitions filed herein and having heard the testimony of various witnesses finds that it is to the best interest of the school districts hereafter set out, that the court make the appointment under the acts mentioned above. And the judge hereof having had notices posted, giving notice of his intention to appoint, as required by law.

"It is therefore, by the court considered, ordered and adjudged that the following persons be and they are hereby appointed as school directors for the districts set opposite their respective names and the terms of years as shown.

"C. C. Williams, Director District No. 35, 3 years."

Evidence was introduced by H. L. Pertuis tending to show that the notice required by Act 361 of the Acts of 1909 was not given by the county judge before he appointed Williams as school director. This evidence will be stated under its appropriate heading in the opinion. The court was of the opinion that the order entered of record in the county court on the 20th of May, 1918, was conclusive of the regularity of the appointment of C. C. Williams to succeed H. L. Pertuis, and entered judgment in his favor. H. L. Pertuis has appealed.

*E. W. Brockman,* for appellant.

Notice was not given or posted as required by law and the appointment of Williams was illegal and void. The court erred in its declarations of law; in admitting evidence and in its finding of facts. Acts 1909, p. 361, § 2. The record shows that the county judge had no authority to appoint, as notice was not posted according to law and the order was made by the county judge in vacation. There was no order of the court. A judgment regular on its face may be shown by oral testimony to have been entered in vacation. 86 Ark. 591; 71 *Id.* 126. See also 38 Ark. 150; 83 *Id.* 236; 102 *Id.* 553-8; Acts 1909, 1046, Act 361; 52 Ark. 511. Appellant was the legal director as appellee's appointment was illegal.

*A. J. Johnson,* for appellee.

Plaintiff's declaration of law was properly refused. Act 361 of 1909, § § 2 and 3; 49 Ark. 397; 72 *Id.* 101; 75 *Id.* 176.

The notice offered in evidence was not identified nor shown that it was intended for District No. 35. The presumption is that the order was made by the county judge at a regular term of court. The court correctly declared the law and there is no error.

HART, J., (after stating the facts). C. C. Williams was appointed pursuant to Act 361 of the Acts of 1909. See Acts of 109, p. 1046. Section 2 of the act is the one under which the appointment was made and reads as follows:

"That not less than two days before the annual school election of any common school district for director or directors in said Varner District, in said county, if the county judge shall determine from reliable information that it would be to the best interest of any school district, he may appoint the director or directors of said district after determining said fact. He shall post at the usual voting precinct of said district, a notice of his intention to so appoint the director or directors to be elected at said election, and no election shall then be held for director or directors in said district at the election, but the election shall be held at the usual time to vote upon all questions, except that of the election of school director or directors, as now provided by law."

The order of May 20, 1918, placed upon the records of the county court appointing C. C. Williams director, recites that the county judge had notices posted giving notice of his intention to appoint school directors as required by law. It is claimed that this was the judgment of a court of superior jurisdiction and that the order having recited that the notice was given as required by the act before the county judge made the appointment, the recital was conclusive of that fact on collateral attack. The fallacy if this argument consists in treating the action of the county judge in appointing Williams as school

director as the action of the county court and of considering the order on the county court's record so appointing him, as an order of the county court, when in fact it is not an order of the court at all but only an administrative act of the county judge. Article 14 of the Constitution of 1874 provides for a suitable and efficient system of free schools. Section 4 provides that the supervision of the public schools and the execution of the laws regulating the same shall be vested in and confided to such officers as may be provided for by the General Assembly.

Pursuant to this article of the Constitution our General Assembly has provided for a comprehensive system of public schools and has confided the management and regulation of the same to a board of directors. It has been generally recognized that these directors may be elected by the electors of the school district or the Legislature may appoint them directly or appoint some agency to appoint them. See *McCormac and others* v. *Commissioners of Robeson*, 90 N. C. 441, and *Minsinger* v. *Rau et al.*, 236 Pa. St. 327.

Here the Legislature adopted the latter method and provided that the county judge might appoint the school directors when he had determined from reliable information that it would be to the best interest of the school district to do so and had posted a notice of his intention to do so in conformity with the statute.

It will be noted that the act provides for the appointment by the county judge. The Legislature might as well have given the appointing power to the county examiner. It will be readily seen that the act does not confer any judicial power upon the county court but only grants an administrative function to the county judge which might have as readily been given to any other officer. Hence the county judge in making the appointment did not act in a judicial, but only in an administrative capacity. Therefore the contention that the order is impervious to collateral attack is not well taken.

It will be noted that the act provides that a notice of the intention of the county judge to appoint the director or directors to be elected at the annual school election, shall be posted not less than two days before the election. Thus it will be seen that the posting of the notice is a prerequiste of the right of the county judge to make the appointment. This brings us to the question of whether or not such notice was posted. It is true the purported order which the county judge caused to be placed upon the records of the county court recites the fact that such notice was given, but inasmuch as this was not an order of the court, its recital is not evidence of that fact.

On the part of the plaintiff it was shown by the testimony of two witnesses that they had looked around the school house to see whether or not the county judge had given notice of his intention to appoint a director pursuant to the terms of the act and that they were unable to find any such notice. The county judge testified that he had signed and made enough copies of such notices to supply all the districts and had given them to the county clerk with directions to mail them out, but it was not shown that any such notice was posted up in the district in question as required by the terms of the act.

A witness for the plaintiff testified that such a notice was found by him in his letter files and that he supposed that it had come to him through the mail. He stated further that he does not remember when he received it and knows that it was never posted. Therefore it appears from the undisputed evidence in the record that the notice was not posted as required by the statute and that the county judge had no authority to appoint C. C. Williams as director.

It follows that the circuit erred in its holding and the judgment will be reversed and the cause remanded for a new trial.