Bill HANNAH, et al. *v.* Marvin DEBOER, et al.

92-665                                           843 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered December 7, 1992
[Rehearing denied January 19, 1993.]

216

*John I. Purtle*, for appellant.

*Larry E. Graddy* and *William C. Adkisson*, for appellee.

DAVID NEWBERN, Justice. The question before us is whether the Trial Court erred in declaring void an election establishing Beaverfork Fire Protection District #1. Statutes pertaining generally to creation of improvement districts require a certain form of notice to be placed on support petitions circulated for signatures of affected property owners. The appellants, Bill Hannah and others (Hannah Group) circulated petitions seeking an election to create the District without placing that notice on the petitions. Opponents of the district, Marvin Deboer and others (Deboer Group), challenged the election on that basis. The election had been called by the County Judge for December 3, 1991. The Deboer Group obtained a temporary injunction in Chancery Court on November 26, but at a hearing on November 27 the injunction was dissolved and the case transferred to the Circuit Court where the complaint was amended to claim illegal exaction and seek a writ of mandamus. The election was held, and the voters approved the District. The Circuit Court thereafter held that the election was void, and the Hannah Group has appealed.

Recognizing that there are several groups of statutory provisions dealing with improvement districts, the Circuit Court concluded that, if the general improvement district petition notice requirement applied, the Hannah Group had not met the

requirement. The circuit Court concluded further that if the general notice requirement did not apply, the specific statutes on the procedure for holding an election to determine whether a fire protection district is to be created were unconstitutional, due to lack of provision for pre-election notice and hearing at which affected property owners could voice objections. Either way, according to the Circuit Court, the election was void.

We find no need to deal with the constitutional pronouncement. We hold that even if the general statute requiring a particular form of notice applies to a petition to hold an election, as opposed to one seeking to establish a district by ordinance, the requirement became directory rather than mandatory after the election. Substantial notice was given to those who signed the petition, and we find no real prejudice, especially in view of the result of the election. We thus reverse the decision and dismiss the case.

The Circuit Court's order voiding the election and the argument of the Deboer Group before us seem to suggest that not only was there a deficiency in the notice given the petitioners but they, or perhaps affected prospective voters, were entitled to some sort of public hearing prior to the election.

## 1. The statutes

Title 14, Chapter 284 of Arkansas Code Annotated is entitled "Fire Protection Districts." Subchapter 1, §§ 14-284-101 through 14-284-123 (1987 and Supp. 1992), is primarily a codification of Act 183 of 1939, as amended, which provides for creation of a fire protection district by petition of a majority in value of property owners in the proposed district. We are not concerned with Subchapter 1 in this case.

Subchapter 2, §§ 14-284-201 through 14-284-224 (1987 and Supp. 1992), the one with which we are concerned, is entitled "Fire Protection Districts Outside of Cities and Towns." It consists primarily of codification of Act 35 of 1979, as amended. Section 14-284-203 (1987) provides two separate methods of establishment of such districts:

> Fire protection districts may be established to serve all or any defined portion of any county in either of the following ways:

(1) By the quorum court by ordinance enacted after notice and public hearing; or

(2) By the county court pursuant to an election of the qualified electors of the proposed district initiated, called, and conducted as provided in this subchapter.

If the district is to be established by the first of these Subchapter 2 methods, the procedure for petitioning the quorum court for an ordinance doing so is governed by § 14-284-204 (1987) which provides for publication of notice "of the adoption of the ordinance" and for "a public hearing on the ordinance."

If the district is to be established by the second Subchapter 2 method, the procedure for petitioning the county court to hold an election is governed by § 14-284-205 (1987). Subsection (a) provides that if a certain percentage of voters in a county or defined portion of a county petition for an election the county court will call the election. Subsection (b) prescribes the wording of the ballot, requiring that it state essentially, "FOR" OR "AGAINST the establishment of a fire protection district in . . . . . . . . . (county), . . . . . . . . . . (designated area), and the levy of assessed benefits on real property in the district to finance the district."

■ We find no statutory requirement for a public hearing prior to an election, and we have difficulty understanding the argument that one is necessary.

The Circuit Court looked to yet another Statute appearing in Chapter 86 of the Code which deals with improvement districts generally. He concluded the Hannah Group's petition should have had in it the notice provision specified in Ark. Code Ann. § 14-86-201(a) (1987) as follows:

NOTICE

YOUR SIGNATURE HEREON SHOWS THAT YOU FAVOR THE ESTABLISHMENT OF AN IMPROVE-MENT DISTRICT. IF THE DISTRICT IS FORMED, YOU MAY BE CHARGED FOR THE COST OF THE IMPROVEMENTS.

Subsection (b) makes it a misdemeanor to circulate or cause to be

circulated a petition for establishment of an improvement district of "whatever nature" absent such a provision.

## 2. Lack of notice

■ The petition circulated by the Hannah Group leading to the election in which the voters approved the district did not contain the notice in the statutory form. It did, however, contain a paragraph setting out the maximum assessments which could be levied on various categories of lands in the event the voters approved establishment of the District. Assuming the Circuit Court is correct in ruling that the statutory wording was required on the petition for calling an election, the question we must decide is whether that failing was a sufficient basis to void the election. We think not.

It should be noted here that the Deboer Group expresses no fault with the ballot or the post-petition election procedures which resulted in the establishment of the District. Their complaint is about the petition which led to the election. Beneath that argument must lie the assumption that if the signers of the petition had notice they could be charged with costs of the district they would not have signed and there would have been no election; yet an election has been held in which a majority of the eligible voters have approved the District.

■ "The courts hold that 'the voice of the people is not to be rejected for a defect or want of notice, if they have in truth been called upon and have spoken' " *Whitaker* v. *Mitchell*, 179 Ark. 993, 18 S.W.2d 1026 (1929), quoting from *Wheat* v. *Smith*, 50 Ark. 266, 7 S.W. 161 (1887). That principle is particularly applicable in this case. Anyone reading the petition before signing it would have had more information than that required by the statutory notice. The ballot was in the proper statutory form, and the Deboers Group does not complain about the ballot or the election procedures beyond the petition.

■ Referring to *Henard* v. *St. Francis Election Commission*, 301 Ark. 459, 784 S.W.2d 598 (1990), and *Swanberg* v. *Tart*, 300 Ark. 304, 778 S.W.2d 931 (1989), cases cited by the Hannan Group for the proposition that election laws provisions are mandatory before the election is held but only directory afterward, the Deboer Group contends it mounted its challenge

prior to the election. That may be so, but they mounted it in the wrong court. To challenge the petition they needed only follow Ark. Code Ann. § 14-86-402 (1987) and petition the clerk of the county court pointing out the problem with the petition. Instead they sought an injunction in a chancery court, resulting in the case being transferred to a circuit court which did not hold its first hearing until after the election, too late to argue that the rules were mandatory.

In *Becker* v. *McCuen*, 303 Ark. 482, 789 S.W.2d 71 (1990), we dealt with a mistaken pre-election notice publication by the Secretary of State. Although a mistake was made, the challengers did not take advantage of the proper remedy available to them but waited until the eleventh hour and asked a court to strike the matter from the ballot. The trial court declined as did we. The seeking of the wrong remedy in the wrong court in the case now before us did not preserve the mandatory nature of the election laws after the election. In addition, we fail to see the prejudice resulting from failure to follow the statutory form of notice on the petition now that a much broader representation of the people affected have spoken.

The judgment of the Circuit Court is reversed, and the case is dismissed.