The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District Faulkner County Courthouse P.O. Box 1105 Conway, AR 72033
Dear Mr. Foster:
This is in response to your request for an opinion concerning the power of the Faulkner County Quorum Court to revise by ordinance the boundaries of the Beaverfork Fire Protection District ("District") to exclude an area within the District which has been annexed by the City of Conway but which previously lay outside the City.[1] Your question, restated, is as follows:
 May a quorum court alter by ordinance the boundaries of a fire protection district created by election to resolve conflicts between state law and the coverage area of the district as to an area within the district as established, but later annexed by a city?[2]
It is my opinion that the answer to this question is "no," as detailed below.[3]
The Arkansas Code at Chapter 284 of Title 14 covers fire protection districts. Subchapter 2 covers districts outside of cities and towns. Quorum courts are given power over such districts in several provisions, but I find no authority for the quorum court to redefine the boundaries of a district by an ordinance without approval of the electors in the district.
While a quorum court has the power to create a district by ordinance subject to the disapproval of the electors in the proposed district (see § 14-284-203 and -204 (1987)) and the power to add territory to a district by ordinance subject to a referendum by the electors to the contrary (see § 14-284-224(d) (Cum. Supp. 1993)), it is my opinion that there is no power to subtract territory from a district by redefining territorial boundaries through an ordinance. To allow such local legislative action would arguably be contrary to the requirement that a district be dissolved only by election as provided in §14-284-222 (1987). This office has concluded that a district cannot be dissolved by ordinance even where it was created by ordinance. See Op. Att'y Gen. 91-328 (copy enclosed). One might successfully contend that an effort to alter the District's boundaries in effect constitutes a dissolution and subsequent establishment of a new district, though the required established procedures for such action will not have been followed.
Moreover, if a quorum court had the power to redefine the boundaries of a district by ordinance without the approval or disapproval of the affected electors in the district, the election alternatives for establishment in § 14-284-205 and for annexation in § 14-284-224 would have little meaning, particularly with respect to a district established by election.
The requirement under § 14-284-207 (Cum. Supp. 1993) that a quorum court establish a service area within a district may provide some remedy to the problem raised by city annexation of territory within a district's boundaries. But I do not believe that the power to establish or alter service areas for districts provides authority for altering the boundaries themselves.
In the absence of some express authority granted quorum courts on this point in the Arkansas Code, I must conclude that a quorum court cannot by ordinance realign the boundaries of an established fire protection district to delete overlap of the district and a city due to annexation by the city of a portion of the district.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
Enclosures
[1] It is my understanding that the District was created by an election under A.C.A. § 14-284-205 (1987), in December, 1991. The Arkansas Supreme Court has upheld establishment of the District in Hannah v. DeBoer, 311 Ark. 215, 843 S.W.2d 800 (1992).
[2] Your question implies a concern that the District now appears to violate Arkansas law because A.C.A. § 14-284-201(a)(1) (1987) provides that fire protection districts "shall cover only territory within the county, or within the defined district, outside the corporate limits of cities and towns." While a district may not be established to include an area within city limits, assuming that the District was validly established and the later annexation by Conway effective, it does not appear that § 14-284-201(a)(1) is violated by the mere continued existence of the District as validly established.
[3] I have recently issued an opinion on a different point, but involving a similar question of quorum court ordinance authority, in Opinion No. 94-251. This opinion also deals with Faulkner County and the Beaverfork Fire Protection District. I have enclosed a copy for your convenience.