STATE ex rel. COMMITTEE TO INCORPORATE SAPPINGTON CONCORD, By and Through James BOOHER, Dennis Reichert, John Dohr, John Kinsella, Jr., Barbara Senn, Gilbert Prilwetz, Earl Setchfield, Alvin Spies, and Michael Svoboda, in their capacity as Transition Committee members and as interested individuals, Relators/Appellants,

v.

Deborah KERSTING; John Shear; George Corcoran, Geri Rothman–Serot; Gregory Quinn; and James O'Mara, in their capacity as councilmembers of the St. Louis County Council and collectively as the St. Louis County Council, Respondents/Respondents.

No. 68246.

Missouri Court of Appeals, Eastern District. Division Five.

Dec. 5, 1995.

Maureen M. Franz, William Franz, Robert K. Sweeney, Franz & Franz, P.C., St. Louis, for appellants.

Andrew J. Minardi, County Counselor, Clayton, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

Plaintiffs presented petitions to the County Council of St. Louis County seeking the incorporation of a city of the third class under the name of Sappington Concord accompanied by signatures of residents of the area as required by law. § 72.080 RSMo 1994. The petition sought a special election at which voters in the area could express their approval or disapproval. On November 3, 1994 the council, acting on a recommendation of a committee of the whole, voted to "drop bill No. 335, 1994 from the Perfection Order of Business," thus effectively killing the bill. The council adopted findings of fact and conclusions of law, and a "decision," stating in pertinent part as follows:

3. The Council finds that the legal description is fatally defective because it contains land which [sic] part of Grantwood Village, an incorporated village.

DECISION.

Due to the legal description defect, the St. Louis County Council denies the Sappington Concord petition and declines to submit the matter to the voters.

Plaintiffs then filed a suit in the Circuit Court of St. Louis County entitled "PETITION FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT," asking that the court "excise or delete from the Sappington Concord petition any area(s)

properly within the corporate limits of any other city, town, or village prior to the filing of the Sappington Concord petition...." The petition also contained the recital that "[t]he Committee [to incorporate Sappington Concord] has exhausted its administrative remedies and is entitled to judicial review pursuant to RSMo. Section 536.100 et. seq."

Defendants, who were the seven members of the St. Louis County Council, moved to dismiss the petition, alleging procedural defects, principally that mandamus was inappropriate because the placing of the issue on the ballot was not a ministerial act, and that declaratory judgment was not proper because the committee could have asked for an appeal of the council's decision pursuant to § 536.100 RSMo 1994. The trial court sustained the motion.

The brief for the defendant councilmembers confines itself to procedural matters, citing 24 cases designed to establish that the appealing plaintiffs did not cast their petition in the proper form. We note, however, that in paragraph 14 of the petition, quoted above, the plaintiffs specifically sought relief under § 536.100. Because there is a circumstance which demonstrates that the petition for incorporation is not appropriate, we elect to rule the case on the merits rather than on procedural technicalities, despite defendants' failure to provide any suggestion about nonprocedural issues. We, of course, are entitled to affirm on any record ground which demonstrates that the trial court's order is correct.

The council's findings of fact and conclusions of law state that the area of the proposed city is within the boundaries of an incorporated village. The petition in circuit court does not traverse this allegation, but asks the court to exclude from the proposed city any areas within the limits of any other incorporated area. This is something that neither the council nor the court has the power to do. A newly incorporated city cannot include land which is within the boundaries of another municipality. Section 72.080 RSMo 1994 authorizes the incorporation only of "unincorporated areas." A petition for incorporation which includes such land is defective. The error cannot be corrected by the council or the court, because there is no assurance that a sufficient number of the

voters who signed the petition would have done so if they had known that the inappropriate area could not have been included. Some might have resided in the questioned portion and some might have thought that a city without that portion would not be financially viable. We cannot speculate. *Cf. Missourians to Protect the Initiative Process v. Blunt,* 799 S.W.2d 824 (Mo. banc 1990). Those who want incorporation must specify an area which may be validly incorporated.

The judgment is affirmed.

CRANE, C.J., and SIMON, J., concur.