**The CITY OF SUGAR CREEK, Appellant,**

v.

**William L. LARKIN, Connie Jane Larkin, Ronald D. Wheeler, David Obermeyer, Paul A. Angelides, Town of River Bend, James D. Tindall, Silvia A. Rizzo, Lisa White Hardwick, Fred Arbanas, Dominick Armato, Dennis Waits, Ed Growney, Mary Lou Smith, Robert E. Hertzog, Marsha J. Murphy, County Legislature of Jackson County, and Jackson County, Respondents.**

No. WD 52001.

Missouri Court of Appeals,
Western District.

Aug. 20, 1996.

Charles Robert Buckley, Independence, for appellant.

Douglas J. Patterson, Leawood, KS, for respondents.

SPINDEN, Judge.

After the Jackson County Legislature included part of Sugar Creek in the new town of River Bend, Sugar Creek sued. The circuit court "ousted" River Bend "from exercising any authority or jurisdiction over" Sugar Creek's land and ruled that the county legislature could cure the defect by allowing River Bend to amend its petition of incorporation. Sugar Creek appeals, claiming that the correct remedy was to declare River Bend's petition of incorporation void. We agree and reverse the circuit court's judgment.

Sugar Creek extended its city limits on March 22, 1993, after receiving a voluntary petition from Jackson County to annex the property on February 8, 1993. On March 9, 1993, River Bend filed a petition for incorporation with the county legislature which convened a public hearing on the petition on May 10, 1993, and approved the incorporation by ordinance on August 30, 1993. The ordinance became effective on September 10, 1993. The land described in the ordinance included land previously annexed by Sugar Creek. River Bend does not dispute that Sugar Creek's annexation was valid or that an overlap exists.

On October 12, 1993, Sugar Creek filed a petition for judicial review asking the circuit court to set aside and declare as void the county legislature's ordinance recognizing River Bend's incorporation. On August 7, 1995, Sugar Creek filed a motion for summary judgment seeking the court's declaration that the ordinance was void. On October 23, 1995, the circuit court concluded that Sugar Creek had prior jurisdiction over the overlap area, but it decided that River Bend could cure the defect by amending its petition before the county legislature.

■ The sole question presented by this appeal is whether the incorporation of River Bend was void because it included land in Sugar Creek's jurisdiction. This court's Eastern District resolved the issue in *State ex rel. Committee to Incorporate Sappington Concord v. Kersting*, 911 S.W.2d 682 (Mo. App.1995). In that case, the plaintiffs filed a petition with the St. Louis County Council seeking incorporation of Sappington Concord as a third class city. The council found that the legal description was defective because it included land which was part of Grantwood Village. The council denied the petition and declined to submit the matter to the voters. The plaintiffs sued and asked the circuit court to " 'excise or delete from the Sappington Concord petition any area(s) properly within the corporate limits of any other city, town, or village prior to the filing of the

Sappington Concord petition[.]' " *Id.* at 682–83. The circuit court dismissed the suit based upon procedural defects. The plaintiffs appealed. This court's Eastern Division "elect[ed] to rule the case on the merits rather than on procedural technicalities" and concluded:

> The council's findings of fact and conclusions of law state that the area of the proposed city is within the boundaries of an incorporated village. The petition in circuit court does not traverse this allegation, but asks the court to exclude from the proposed city any areas within the limits of any other incorporated area. This is something that neither the council nor the court has the power to do. A newly incorporated city cannot include land which is within the boundaries of another municipality. Section 72.080 RSMo 1994 authorizes the incorporation of "unincorporated areas." A petition for incorporation which includes such land is defective. The error cannot be corrected by the council or the court, because there is no assurance that a sufficient number of the voters who signed the petition would have done so if they had known that the inappropriate area could not have been included. Some might have resided in the questioned portion and some might have thought that a city without that portion would not be financially viable. We cannot speculate.... Those who want incorporation must specify an area which may be validly incorporated.

*Id.* at 683.

The same situation arises in this case. Because River Bend's petition for incorporation included land which was in Sugar Creek's jurisdiction, its petition was defective. The county legislature should not have granted the petition. Because River Bend's incorporation included land which was in Sugar Creek's jurisdiction, the incorporation was void.

■ The circuit court erred in concluding that River Bend could cure the petition's defect by amending it. As the *Kersting* court said, "The error cannot be corrected by the council or the court, because there is no assurance that a sufficient number of the voters who signed the petition would have done so if they had known that the inappropriate area could not have been included." *Id.*

River Bend tries to distinguish the *Kersting* case by asserting that in that case the court was concerned about the residents within the overlap area. In this case, it asserts, no residents are in the overlap area. It argues that the *Kersting* court "finds the error in boundary mistakes during an incorporation as significant, in that true prejudice and error could result from voters or petitioners signing the incorporation petition being within an overlapping area." The *Kersting* court, however, did not focus on whether the voters lived within the overlapped area but merely used that as an example. It also said that voters who originally voted for the incorporation may think "that a city without [the overlap] portion would not be financially viable." *Id.*

Further, River Bend relies on *State on Inf. of Wallach, ex rel. H.B. Deal and Company, Inc. v. Stanwood,* 208 S.W.2d 291, 295 (Mo. App.1948), for the proposition that an error in a description of the land to be incorporated will not invalidate the incorporation process. In *Stanwood,* an error in the land description did not change the boundaries of a proposed incorporation. The court allowed the word "west" to be changed to "east." *Stanwood* was not concerned with land which had previously been incorporated by another city; hence, it is not controlling.

River Bend also relies on *State ex rel. Jones v. Nolte,* 350 Mo. 271, 165 S.W.2d 632 (1942), in which a defective amended decree did not invalidate the creation of a sewer district, but merely rendered incorporation void only as to the omitted properties. The court allowed a clerical error in the land description to be corrected through a *nunc pro tunc* entry to correspond with the original petition and the publication notice. *Id.* 165 S.W.2d at 636. In *Nolte,* however, the original petition included the appropriate description. In our case, the original, and only, petition was defective.

We conclude that the circuit court erred in concluding that River Bend could cure the defect by amending its incorporation petition.

We reverse and remand with instructions that it enter judgment in accordance with this opinion.

LOWENSTEIN, P.J., and ULRICH, J., concur.