The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022-4025
Dear Senator Broadway:
I am writing in response to your request, on behalf of some of your constituents, for an opinion on whether voters of a school district may use the petition process to call an election on the question of choosing school board directors by a combination of single-member zones and at-large members. Specifically, you have attached correspondence with your request setting forth the following question:
The . . . question we have concerns the ability of electors to use the petition process as defined in Statue [sic] 6-13-615, but for restructuring the school district into a combination of three (3) zones with the remaining (2) board positions to be elected at-large.[1]
Statue [sic] 6-13-630 gives the school board of directors the authority to make such a revision in the voting structure.
* * *
It seems to us that if the school board of directors has the authority to restructure the election of board members in the district into a combination of zones and at-large, electors should have equal authority when they utilize the petition process as proscribed [sic] in 6-13-615.
Q — Is this a legally permissible avenue for electors to follow? Is there an authority which can be cited? If not, why not?
RESPONSE
In my opinion the answer to the first question above is "no," A.C.A. § 6-13-615 does not allow electors to petition for a combination of single-member zones and at-large board members. That statute only allows a petition to call an election on electing school board members by single-member zones. A different statute, A.C.A. § 6-13-630, allows a school board to itself adopt a plan with a combination of single-member zones and at-large members. That statute, however, does not authorize a petition of electors to effect this result and I can find no other statute authorizing that action.
The applicable statute, A.C.A. § 6-13-615, provides in pertinent part as follows:
6-13-615. Local option to elect directors from single-member zones.
(a)(1) Qualified electors of a school district may, by petition, have placed on the ballot of any annual school election the issue to determine whether to elect the school district board of directors from single-member zones.
(2) The petitions calling for such an issue to be placed on the ballot shall be signed by not less than ten percent (10%) of the qualified electors of the district, based upon the total number of registered voters in the district.
(3) The petitions may be circulated between ninety (90) days and forty-five (45) days prior to the election date.
(4) The petitions shall be filed with the county election commission of the county in which the largest portion of the school district lies.
(b)(1) Within ten (10) days of the receipt and verification of the sufficiency of the petitions, the county election commission shall notify the board of directors of the affected school district that the issue shall be placed on the ballot of the next school election.
(2) The county election commission shall specify the wording of the ballot to be used to determine whether to elect the school district board of directors from single-member zones.
(c) If a majority of the qualified electors of the school district shall vote for the election of the school district board of directors from single-member districts, the county election commission of the county in which the largest portion of the school district lies shall establish, within the school district, boundaries for the election of directors of the school board which shall have substantially equal population based on the most recent available census information and from which racial minorities may be represented on the board in proportions reflected in the district population as a whole.
(Emphasis added).
This statute nowhere mentions any option to elect school board members from a combination of single-member zones and at-large positions. Section 6-13-615 only authorizes a citizen petition to elect school board members entirely from single-member zones. As stated in Op. Att'y Gen. 2004-297, ". . . A.C.A. § 6-13-615 does no more than authorize an election to determine whether a school board's members will be elected from single-member zones."
In my opinion interested citizens do not have authority to petition for the election of school board members other than as specified in A.C.A. § 6-13-615. Arkansas Constitution, art. 14, § 4 states that the "supervision of public schools, and the execution of the laws regulating the same, shall be vested in and confided to, such officers as may be provided for by the General Assembly."
As stated in 78 C.J.S. Schools and School Districts § 118:
Where, under the constitution, the establishment of a system of common schools is imposed on the legislative department of the government, the manner of selection of the officers to accomplish that object is peculiarly within the discretion of such legislative branch of the government, subject to such limitations as are imposed by the constitution . . . [citing Pertuis v. Williams, 137 Ark. 425, 208 S.W. 789
(1919)].
* * *
Like other elections, elections to fill school offices must be held by virtue of some legal authority, and such an election held without affirmative statutory authority or in a manner not in accord with, or contrary to, a material provision of the law is a nullity. . . .
Id. at 217.
As the correspondence attached to your request notes, a different statute, A.C.A. § 6-13-630, authorizes a school board itself to "provide by resolution adopted by a majority vote that a portion of the board members shall be elected by zone, at large, or a combination thereof." A.C.A. § 6-13-630(a).
The correspondence attached to your request asserts that "if the school board of directors has the authority to restructure the election of board members in the district into a combination of zones and at-large, electors should have equal authority when they utilize the petition process as proscribed [sic "prescribed"] in 6-13-615."
The question of whether the school district electors "should" have the equal authority under the petition process set out at A.C.A. § 6-13-615
is one properly directed to the General Assembly, which can amend the statute to accomplish this result if it chooses. I can only state that under current law, A.C.A. § 6-13-615 does not authorize a petition process to elect directors from a combination of single-member and at-large positions. The applicable statute only provides for single-member zones. Additionally, I can find no separate authority for the electors to pursue a direct petition process to elect board members from a combination of methods similar to A.C.A. § 6-13-630. See discussion supra and Op. Att'y Gen. 1999-204 ("Amendment 7 to the Arkansas Constitution, which reserves to the people the right of initiative does not apply to school elections").
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The correspondence attached with your request also initially posed another question regarding the length of terms of school board directors after an election authorizing single-member zones under A.C.A. §6-13-615. That question was addressed at length in Op. Att'y Gen.2004-297, a copy of which my staff previously provided to you.